IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ANTONIO BROWNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 316-012 |
| | ) |
| LISA FOUNTAIN; HOMER BRYSON; | ) |
| LT. CHARLES MIMS; SGT. CHARLES | ) |
| DENSON; C.O. II MICHEAL THOMAS; | ) |
| MR. DANFORTH; and MS. LEWIS, | ) |
| in their individual and official capacities, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Telfair State Prison in Helena, Georgia, commenced the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On March 14, 2016, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See doc. no. 4.) The time to respond has passed, and although Plaintiff returned his Prisoner Trust Fund Account Statement, (doc. no. 6), he has not submitted his Consent to Collection of Fees form required by the Court's March 14th Order.

Plaintiff has offered no explanation why he has not returned the Consent to Collection of Fees form, a document that requires no input from any prison official but only Plaintiff's signature agreeing to the terms for collecting installment payments for the $350.00 filing fee for this case. Moreover, the Court's March 14th Order clearly stated that if Plaintiff chose to proceed with the case, he "**MUST**" comply with the instructions to return the Trust Fund Account Statement and the Consent to Collection of Fees from Trust Account form. (Id. at 3 (emphasis in original).)

Plaintiff cannot proceed IFP unless he consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1320-23 (11th Cir. 2002) (citing 28 U.S.C. § 1915). Plaintiff has been warned that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed. As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**. Because this case is due to be dismissed, the pending motion to appoint counsel should also be **DENIED AS MOOT**. (Doc. no. 5.)

SO REPORTED and RECOMMENDED this 25th day of April, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA