IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ANTONIO BROWNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-012 |
| | ) | |
| LISA FOUNTAIN; HOMER BRYSON; | ) | |
| LT. CHARLES MIMS; SGT. CHARLES | ) | |
| DENSON; C.O. II MICHEAL THOMAS; | ) | |
| MR. DANFORTH; and MS. LEWIS, | ) | |
| in their individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate at Telfair State Prison ("TSP") in Helena, Georgia, commenced the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On March 14, 2016, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See doc. no. 4.)

When the time to respond had passed and Plaintiff failed to return the Consent to Collection of Fees form, the Court recommended dismissal of the case on April 25, 2016. (See doc. no. 7.) Faced with the prospect of dismissal of his case, Plaintiff acknowledges his

failure to timely return the Consent form but asks that the Court excuse his dilatoriness because he "got set back on a lot of his legal paperwork" when he had to attend a court date in Tattnall County. (Doc. no. 9, pp. 1-2.) Although the Court does not condone Plaintiff's delay in complying the Court's order to return his Consent form, as the basis for the prior recommendation for dismissal has been corrected by Plaintiff, the Court **VACATES** its April 25th Report and Recommendation (doc. no. 7).

## I. ASSESSMENT OF INITIAL FILING FEE

In compliance with a prior Order of the Court, Plaintiff has furnished a certified copy of his trust fund account statement and has consented to the collection in installments of the $350.00 filing fee and any Court costs from his prison trust account. Based on the information furnished by Plaintiff, the Court has determined that he has insufficient funds to pay any initial filing fee.

**IT IS ORDERED** that Plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits to Plaintiff's trust account and forward those funds to the Clerk each time the set aside amount exceeds $10.00 until the $350.00 filing fee has been paid in full.

**IT IS FURTHER ORDERED** that all payments shall be designated as made in payment of the filing fee for Civil Action No. 316-012. In the event Plaintiff is transferred to another institution, Plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to Plaintiff's new custodian. The balance due from Plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

The Clerk of Court is **DIRECTED** to serve this Order on Plaintiff and Plaintiff's custodian (warden).

## II. COMPLAINT FORM USED BY INCARCERATED LITIGANTS IN THE SOUTHERN DISTRICT OF GEORGIA

Plaintiff commenced this case by submitting a handwritten complaint describing events that allegedly occurred at TSP in December of 2015. However, he did not utilize the standard complaint form used by incarcerated litigants in the Southern District of Georgia, and as such, he has not provided the information that the Southern District requires. Therefore, if Plaintiff wishes to proceed with this case, he must re-submit his complaint on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, and include all matters he wishes the Court to consider in that one document.[1] Plaintiff must use the standard form provided along with this Order, with no more than six handwritten pages attached. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court regarding re-drafting the complaint); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint within fourteen days in accordance with the instructions in this Order. The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede

---

[1] The Court **DIRECTS** the **CLERK** to attach this standard form complaint used by incarcerated litigants, stamped with this case number, to Plaintiff's service copy of this Order.

3

and replace in its entirety the previous pleading filed by Plaintiff. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. For example, Plaintiff should not simply state, "See attached documents." Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within

fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendant should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice. Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

### III.     MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also moves for the appointment of counsel, arguing: (1) he is unable to afford an attorney; (2) he is not trained in the law; (3) a lawyer would better present Plaintiff's evidence at trial; and (4) he has been unable to secure representation through his own efforts. (See generally doc. no. 5.)

As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id.; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified the appointment of counsel where the suspect conduct of prison officials hindered prisoner plaintiff's ability to present the essential merits of his case and,

additionally, where such appointment would alleviate security concerns and help sharpen the issues).

Here, Plaintiff fails to show that exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff has not shown that his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Indeed, he has submitted a detailed, six-page, single spaced original complaint and was able to expeditiously cure the deficiency identified in the now-vacated recommendation for dismissal. Moreover, at this early stage of the case, any concerns about the presentation of evidence at trial are premature. Therefore, the Court **DENIES** Plaintiff's motion for appointment of counsel. (Doc. no. 5.)

SO ORDERED this 11th day of May, 2016, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA